JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
JUSTIN K PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE:  (208) 478-4175

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. CR-2023-173-BLW |
|---|---|
| Plaintiff, vs. | **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |
| DEANN PARKIN, A/K/A DEANN EARLEY, | |
| Defendant. | |

The Defendant stands before the Court having pleaded guilty to the charge of Use of Interstate Commerce Facilities in Commission of Murder for Hire, in violation of 18 U.S.C. § 1958.

The Government recommends that the Court sentence the Defendant to a period of 87-months of incarceration to be followed by three years of supervised release.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

## BACKGROUND

On May 23, 2023, Special Agent (SA) Daniel Bowling from the Bureau of Alcohol, Tobacco, Firearms and Explosives was alerted by a source about an individual seeking to hire a hitman through a fake website designed to appear as a service for hiring murderers. This information was provided by a source previously verified for reliability. The individual seeking the service was identified as DeAnn Parkin, who supplied personal details including her contact information and address in Ovid, Idaho, alongside the name and address of the intended target, L.A., located in Evanston, Wyoming. Parkin's alleged motive for seeking such services was to permanently remove L.A. from her family's life, citing the target's destructive behaviors, including drug abuse and negative impact on her own family due to an affair with Parkin's husband.

Email exchanges between the source and Parkin from May 14 to May 22, 2023, reveal Parkin's persistence and urgency in securing the services to murder L.A.. Parkin confirmed her intent in multiple emails and expressed a desire for the murder to be carried out swiftly and to have L.A. "disappear completely."

Undercover operations began on May 23, 2023, with SA Bowling contacting Parkin, posing as a hitman. Through a series of SMS and WhatsApp messages and calls, Parkin reiterated her desire for L.A.'s murder, stating she was fine with L.A. being "in a six-foot hole." Parkin detailed the location of L.A.'s residence and expressed that she was willing to pay for the service. From May 23, through June 6, 2023, Parkin continued to use interstate communications devices such as a cellular phone to facilitate the murder for hire. Conversations between SA Bowling and Parkin extended over several days, with Parkin unprovokedly reaffirming her interest and even offering additional perks such as a discounted hotel room for SA Bowling. On

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

June 06, 2023, after traveling from out of state SA Bowling met Parkin in Idaho. SA Bowling activated audio and video recording equipment and drove to the meet location. When SA Bowling and Parkin met Parkin identified herself as "Deann." SA Bowling told Parkin that he knew that Parkin was "skeptical" to which she immediately responded, "No, I've thought more on it and I'm one hundred percent sure on it."

The investigation culminated on June 7, 2023, when SA Bowling met Parkin again in person in Idaho, to finalize the arrangements. Parkin provided a down payment of $100 and a diamond ring valued at $1500 as part of the agreement for the murder-for-hire plan, with a promise to fulfill the remaining cost on an installment plan of cash payments.

On June 28, 2023, the Defendant was the sole individual named in a one-count Indictment filed in the United States District Court for the District of Idaho. Count One charged the Defendant with a violation of 18 U.S.C. § 1958, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire.

On January 9, 2024, the defendant entered a plea of guilty to Count One of the Indictment.

## APPLICABLE SENTENCING GUIDELINES RANGE

A.  Offense Level Calculation

The Government submits that Defendant's offense level is correctly calculated at 36, according to the following table.

| Fact | Effect on offense level | USSG Section |
|---|---|---|
| Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire | 32 (base) | 2E1.4(a)(1) |
| Acceptance of responsibility | -2 | 3E1.1(a) |
| Acceptance of responsibility | -1 | 3E1.1(b) |
| **TOTAL** | **29** | |

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

    B.    <u>Criminal History Calculation</u>

The Government agrees that Defendant's criminal history is correctly calculated at **I.**

    C.    <u>Advisory Guideline Range</u>

The Defendant's advisory guideline range is correctly calculated at **29 / I / 87-108** months.

## SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

**I.**    <u>The Nature and Circumstances of the Offense</u>

The Defendant tried to have another person murdered. The Defendant took substantial steps to make that happened. The Defendant was very express about her desire to have L.A. "disappear completely." Defendant was also calloused in her attitude toward the potential of L.A.'s minor child being harmed. A sentence of 87 months and 3 years of supervised release is justified in this case.

**II.**    <u>The History and Characteristics of the Defendant</u>

The Defendant, is 31 years old, divorced, and the mother of three minor children. She was raised by both of her parents in Ovid, Idaho. There was no abuse in the home, and the defendant had all her basic needs met. The defendant was married to Bruce Parkin from 2013 to 2021. Since graduating high school, the defendant has worked as a teacher's aide, cashier, and housekeeper. The defendant's children, ages 2, 7, and 10, live with their father, Bruce Parkin. The defendant reported being diagnosed with depression, anxiety, bipolar, PTSD, dependent personality disorder, and adjustment disorder. She has also been the victim of domestic violence and sexual violence. She has received some individual mental health counseling and indicated a desire for additional treatment. She has asthma, migraines, and seasonal allergies. She uses an inhaler and takes mental health medication and an allergy medication. The Defendant does not

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

appear to have issues with substance abuse. The defendant's criminal history includes convictions for minor in possession of alcohol, discharge of arms aimed at another, and false information to an officer.

### III. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

The Defendant's conduct was incredibly serious. She was attempting to have another individual murdered. An 87-month sentence reflects the seriousness of the offense, promotes respect for the law and provides just punishment.

### IV. The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public.

An 87-month sentence will provide the adequate deterrence for both the Defendant specifically as well as sending the appropriate deterrent message to other individuals with similar inclinations or desires. More importantly, the public will be protected from further crimes of the Defendant during her period of incarceration.

### CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 87months and 3 years of supervised release for the Defendant's attempted murder for hire. The Government submits that a sentence of 87-months and 3 years of supervised release is sufficient, but not greater than

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 4th day of April.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/ Justin K. Paskett_____
JUSTIN K PASKETT
Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**