UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>DEANN PARKIN,<br><br>Defendant. | Case No. 4:23-cr-00173-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Deann Parkin's Motion for Home Confinement and Motion for Compassionate Release, construed as one request. Dkts. 41, 43. The Government opposes a sentence reduction. Dkt. 41. Having reviewed the briefing and record in this case, the Court will deny both motions for the following reasons.

## STANDARD OF LAW

The Court may not modify a defendant's sentence once imposed, except in limited circumstances. *Dillion v. United States,* 560 U.S. 817, 819 (2010). Congress provided for a "compassionate release" exception in 18 U.S.C. § 3582(c)(1)(A).

**MEMORANDUM DECISION AND ORDER - 1**

The Court may grant release if it finds (1) the defendant exhausted administrative remedies available in the Bureau of Prisons (BOP), 18 U.S.C. § 3582(c)(1)(A); (2) the defendant's reasons for release are extraordinary and compelling, pursuant to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(b); and (3) the factors in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

The defendant bears the burden of showing that "extraordinary and compelling reasons warrant such a reduction" under U.S.S.G. § 1B1.13(b). The current policy statement defines "[e]xtraordinary and compelling reasons" as serious issues with the defendant's health or an immediate family member's need for health care, suffering from serious effects of aging, and other reasons "similar in gravity" to the reasons stated in the Guidelines. U.S.S.G. § 1B1.13.

The consideration factors of 18 U.S.C. §3553(a), in pertinent part, include:

> (1)the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

### 1. Exhaustion Requirement

First, the exhaustion requirement must be met. 18 U.S.C. § 3582(c)(1)(A). Defendant has presented a letter from her warden denying a "Release/Reduction in Sentence"; this exhausts her administrative remedies. Dkt. 41-1 at 3. Accordingly, the Court considers the exhaustion requirement completed.

### 2. Extraordinary and Compelling Reasons

Second, the defendant must show extraordinary and compelling reasons to support a compassionate release. She presents several reasons.

Defendant suffers from various mental health conditions: post-traumatic stress disorder (PTSD), post-partum depression, anxiety, continuing depression, and bipolar disorder. Dkt. 43 at 2. She reports the BOP medical center is overcrowded and does not have sufficient staff to meet her mental health needs. *Id*. She states that medication helps, but her "deeper issues" need to be addressed. *Id*. She asserts that she needs "one on one" mental health sessions "at least daily." Dkt. 41 at 2.

There is no evidence to support Defendant's assertion that she must have "one on one" mental health sessions "at least daily" to treat her mental health conditions or that her current treatment (medication) is the equivalent of cruel and unusual punishment under the Eighth Amendment. Many individuals outside

**MEMORANDUM DECISION AND ORDER - 3**

prison have access to only mental health medication to aid them with mental health issues, and have no access to psychological or behavioral modification therapy to address issues underlying thoughts and behavior. These issues do not rise to the level of seriousness required by the Guidelines, for example, having a fatal illness, to warrant a sentence reduction.

Defendant also suffers from a medical condition, namely chronic migraines. She states that, when she stands in line to be seen for a medical issue in prison, sometimes she is seen, and sometimes not. Dkt. 43. There is no evidence that her condition is a life-threatening issue or that she is consistently unable to perform necessary activities of daily living (ADLs) as a result of her migraine condition.

Defendant also suffers from dental problems, including jaw pain, tooth pain from cold air, gingivitis, and a broken back molar. Dkt. 43 at 2. The prison dental system is crowded, and she was last seen in September 2025. *Id*. She was told she had to wait for a second appointment to address the broken molar. *Id*. None of these issues are serious enough to warrant a reduction in sentence.

Defendant's reasons for release are neither extraordinary nor compelling, pursuant to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(b). She has not stated reasons "similar in gravity" to the reasons stated in the Guidelines. This Court often has concluded that chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances.

**MEMORANDUM DECISION AND ORDER - 4**

*See, e.g., United States v. Alberg*, No. 1:18-CR-00342-BLW, 2023 WL 7164563, at *2 (D. Idaho Oct. 30, 2023).

Mismanagement of care does not create eligibility for compassionate release. *Brown v. Plata*, 563 U.S. 493 (2011); *United States v. Miller*, No. 15-CR-00471-CRB-1, 2021 WL 2711728 *2 (N.D. Cal. July 1, 2021). There is insufficient evidence here to conclude that Defendant's care is being mismanaged. If Plaintiff believes that her current medications are insufficient to control her mental health conditions and migraines, or that her dental or other issues are not being addressed in an appropriate time frame, she may file a *Bivens* civil rights complaint[1] to compel constitutionally-adequate care.

Defendant also states that her children miss her and need their mother as a reason for early release. But she also states that her children have a "great support system." Dkt. 41 at 3. Family circumstances warrant relief only in cases involving the death or incapacity of the caregiver of the defendant's minor children and where no alternative caregiver is available. *See United States v. Azama*, No. 222CR00060GMNNJK1, 2024 WL 81384, at *3 (D. Nev. Jan. 5, 2024) (the

---

[1]     *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the civil rights counterpart to 42 U.S.C. § 1983 that permits prisoners to bring suit against federal government actors. A *Bivens* action requires that a plaintiff plead facts alleging a violation of constitutional rights caused by agents acting under the color of federal law. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003).

**MEMORANDUM DECISION AND ORDER - 5**

defendant has a burden to show that neither friends in the community nor relatives are able to assist with the defendant's child's care); U.S.S.G. § 1B1.13, cmt. n.1(C).

Defendant has not shown that the current caregivers are incapacitated and no others are available. Defendant's family circumstances do not meet the statutory requirements to qualify as an extraordinary and compelling reason to support a sentence reduction.

### 3. Section 3553(a) Factors

Compassionate release is appropriate when the § 3553(a) factors (1) and (2)(A) through (D) weigh in favor of release, which the Court now analyzes.

Factor (1) is "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a). Defendant was convicted of a violation of 18 U.S.C. § 1958, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire. Defendant attempted to hire a hitman to murder a woman with whom her ex-husband had an affair. She provided the woman's personal details, expressed urgency for the woman to "disappear completely" or end up "in a six-foot hole," and took substantial steps, including meeting an undercover agent, providing a $100 down payment and a $1,500 diamond ring, and agreeing to installment payments. *See* Dkt. 42 at 10.

Defendant was sentenced to 90 months of incarceration. She had no other

**MEMORANDUM DECISION AND ORDER - 6**

serious crimes in her background. She has a history of mental health issues and was the victim of domestic violence, both taken into account at sentencing. This background does not sufficiently mitigate against the serious nature of the crime for the purpose of early release.

Factor 2(A) is the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. There are few crimes more serious than those associated with the murder of another human being. Reducing the sentence would not reflect the seriousness of the crime, nor would it provide just punishment for such a serious crime. Hiring another person to kill a victim is a particular species of crime in which a defendant may believe she has less culpability than if she killed the victim herself. That is not the case. Reducing Defendant's sentence would not promote respect for this aspect of the law.

Factor 2(B) is the need for the sentence imposed to afford adequate deterrence to criminal conduct. Both Defendant and others must be deterred by knowing that commission of this serious crime involving murder will warrant an extensive prison sentence, and that "attempts" at murder that do not end in a killing will be punished with requisite severity. Defendant should serve her entire sentence as a matter of deterrence. If she were to be placed back into society to enjoy the benefits of her family life, there would be little motivation for her to refrain from

**MEMORANDUM DECISION AND ORDER - 7**

committing another crime against persons beyond her immediate family. The longer she is separated from the things she enjoys, the more she is able to understand the consequences of her crime against society. This factor weighs against release.

Factor 2(C) is the need for the sentence imposed to protect the public from further crimes of the defendant. In this instance, Defendant exhibited callous disregard for the life of her victim, who was also a mother. In addition, Defendant showed disregard for potential harm to the victim's minor child. *See* Dkt. 42 at 10. Defendant has not completed enough of her sentence for the Court to believe that she has mastered the impulses beneath her shocking behavior to avoid repetition. This factor weighs against release.

Factor 2(D) is the need for the sentence imposed to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. Defendant states that she has completed all of the programs available to her at the prison. She argues that she could obtain better psychological treatment outside of prison to address the issues underlying her mental health conditions. This factor weighs slightly in favor of Defendant, but it is not enough to overcome the factors weighing against relief.

For all of the foregoing reasons, Defendant's Motions for Home Confinement and Compassionate Release will be denied.

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

**IT IS ORDERED** that Defendant's Motions for Home Confinement and Compassionate Release (Dkts. 41, 43) are DENIED.

DATED: June 9, 2026

B. Lynn Winmill
U.S. District Court Judge